UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| Jeffrey Hensley, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-632-CHB-RSE |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Commissioner of Social Security, | ) | **ORDER ON OBJECTIONS TO** |
| | ) | **MAGISTRATE JUDGE'S REPORT** |
| Defendant. | ) | **AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jeffrey Hensley filed this action seeking review of the decision by Defendant Commissioner of Social Security to deny Hensley's application for disability, supplemental security income benefits, and disability insurance benefits. [R. 1] The case was referred to United States Magistrate Judge Regina S. Edwards for a report and recommendation on February 1, 2019. [R. 13] Judge Edwards issued her Findings of Fact, Conclusions of Law, and Recommendation on September 17, 2019 recommending that the Commissioner's decision be affirmed. [R. 19] This matter is before the Court on Hensley's Objection to the Report and Recommendation. [R. 22] For the reasons laid out below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's objection.

## I. Background Facts

Magistrate Judge Edwards's Report and Recommendation ably sets out the full factual background of this case. [R. 19] Briefly, Hensley seeks review of an Administrative Law Judge's ("ALJ") unfavorable decision regarding his application for supplemental security income benefits ("SSI") under Title XVI and disability and disability insurance benefits ("DIB") under Title II. [R. 19 at 2; Administrative Record ("AR") at 20] The ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R.

§404.1520(a)–(e); *see Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). At step one, the ALJ determined that Hensley had not engaged in substantial gainful activity since January 1, 2014. [R. 19 at 2] At step two, the ALJ determined that Hensley has severe impairments of degenerative disc disease, migraine headaches, coronary artery disease, hypertension, chronic obstructive pulmonary disease, asthma, obstructive sleep apnea, carpal tunnel syndrome, and obesity. [*Id.*] At step three, the ALJ found that none of Hensley's impairments met or medically equaled the severity of one of the listed impairments. [*Id.* at 2–3] The ALJ then determined that Hensley had the residual functional capacity to perform light work with some specified limitations. [*Id.* at 3] At step four, the ALJ determined that Hensley was unable to perform any past relevant work. [*Id.*] At step five, the ALJ determined that considering Hensley's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. [*Id.*] The ALJ consequently concluded that Hensley was not disabled, as defined in the Social Security Act from the alleged onset date through the date of the ALJ's decision. [*Id.*] The Appeals Council denied Hensley's request for review. [*Id.*] Hensley filed this action challenging the Commissioner's denial of his benefits. [R. 1] The Court referred the matter to Magistrate Judge Edwards, who recommended that the Commissioner's decision be affirmed. [R. 19]

II.     **Analysis**

When a party objects to a report and recommendation, the Court reviews *de novo* only those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review *de novo* the

portions of Judge Edwards's recommendation to which Hensley objects to determine whether relief is warranted.

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). The Court "may not try the case *de novo*, or resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). Moreover, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772–73 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

In his objection to Magistrate Judge Edwards's recommendations, Hensley largely rehashes his final argument already made in his Fact and Law Summary [R. 17-1 at 10–11] which appears, although it is not entirely clear, to challenge the ALJ's residual functional capacity ("RFC") determination. [R. 22] Hensley seems to argue that the ALJ misstated the evidence in the record and if he had not done so there would not be substantial evidence for his decision. [R. 22 at 1–2] Hensley claims that it is contradictory for the ALJ to state that Hensley "has not been . . .

advised to undergo surgery" when the medical records also state that he was "not interested in surgery," and that this contradiction demonstrates that the ALJ's decision was not supported by substantial evidence. [*Id.*]

A careful look at the medical records cited by the ALJ reveals he correctly characterized Hensley's medical records and there was nothing contradictory in what he wrote. On December 21, 2015, Hensley met with a neurosurgeon to review an MRI he had taken on the lumbar spine (lower back) and to discuss surgery options. [AR at 1008–1010] The records from that visit indicated that "He [Hensley] has a non-operative pathology." [AR at 1010] On February 3, 2016 he met with the neurosurgeon again, this time regarding neck pain in the cervical region of his spine (neck) and scheduled an MRI for this pain for February 9. [AR at 1010–15] He had a follow-up meeting on February 26 to discuss the results of the MRI on his neck. [AR 1016–18] The records from this appointment state that "[Hensley] is not interested in surgery at this time," [AR at 1016] and that the plan was for Hensley to "continue pain management . . . [and] follow up here as needed." [AR at 1017] Then, on March 29, Hensley had another follow-up appointment to discuss surgery options based on his MRI. [AR 1019–20] In the records from that appointment, the surgeon wrote that "[Hensley] would not likely improve significantly with surgery on the neck " and that he "will continue to f/u [follow up] with his pain management as needed." [AR at 1020]

The Court's only duty at this stage of review is to determine whether the ALJ's decision is supported by substantial evidence and made using the proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Like Magistrate Judge Edwards, the Court does not agree that the ALJ misstated the record. The ALJ wrote that Hensley has not been advised to undergo surgery, and Hensley points to nothing in the record indicating that he had been. The notes from Hensley's appointment regarding his *lumbar* spine MRI clearly indicate that his condition was non-operable. [AR at 1010] Then, in his first appointment

regarding his *cervical* spine MRI he told the doctor that he was not interested in surgery. [AR at 1016] There is no indication that surgery was ever recommended. Hensley does not even claim that he was actually recommended to get surgery in that appointment, but instead suggests that because he said he was not interested the doctor *must* have recommended that he get it. This of course is not true. The doctor could very well have laid out all the options available to Hensley to discuss the pros and cons of each one. In fact, in Hensley's next follow-up appointment the neurosurgeon's medical notes stated that Hensley would likely not improve from surgery on his neck. [AR at 2010] There is nothing contradictory in the ALJ's opinion, as he accurately characterized Hensley's medical records. As such, the ALJ committed no legal error and his decision was supported by substantial evidence. Therefore, the Court concludes that the ALJ properly evaluated Hensley's medical records, there was no reversable error, and his RFC determination is supported by substantial evidence.

For the above reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Regina S. Edwards **[R. 19]** are **ADOPTED** in full and **INCORPORATED** by reference herein.

2. Plaintiff's **Objection [R. 22]** is **OVERRULED**.

3. A separate judgment will be entered on this date.

This the 15th day of November, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of record